1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL AARON WITKIN,                    No.  2:17-cv-0232 JAM CKD P

12              Plaintiff,

13        v.                                  ORDER

14   M. LEE, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983, and is proceeding in forma pauperis.  This proceeding was referred to this court

19   pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff's amended complaint is now

20   before the court for screening.

21        The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

26        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

27   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

                                            1

indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

As in his original complaint, plaintiff seeks damages for not being provided adequate nutrition at California State Prison, Solano.  However, plaintiff still fails to point to facts suggesting he suffered actionable injury as a result of any specific defendant's deliberate indifference to plaintiff's health.  As plaintiff was informed when the court screened plaintiff's original complaint, plaintiff has a right under the Eighth Amendment not to be subjected to cruel and unusual punishment.  In the nutrition context, cruel and unusual punishment has been found where prison officials fail to provide food that is adequate to maintain health.  <u>LeMaire v. Maass</u>, 12 F.3d 1444, 1456 (9th Cir. 1993).  As with any Eighth Amendment claim for damages, plaintiff must allege that the defendant's level of intent in failing to provide constitutionally adequate food was at least deliberate indifference.  See <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

For reasons stated above, plaintiff's amended complaint must be dismissed.  The court will provide plaintiff one more opportunity to state a claim upon which he may proceed.

Plaintiff is reminded that in order to state a claim for damages, plaintiff must allege in his amended complaint how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some clear, affirmative link or connection between a defendant's

actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff believes he is not being provided constitutionally adequate food right now, he might pursue a claim for injunctive relief, rather than a claim for damages based upon past wrongs.  Such a claim could be maintained against the warden of his prison in his official capacity.

Plaintiff is again informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  October 20, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
witk0232.14(2)

3